

EXHIBIT A

# PROMISSORY NOTE

US $600,000.00

Kittery, Maine
March 1, 2005

FOR VALUE RECEIVED, KITTERY POINT PARTNERS, LLC, a Delaware limited liability company with an address of P. O. Box 148, Brattleboro, Vermont 05302 (the "Maker"), promises to pay to the order of MIDDLEBURY EQUITY PARTNERS, LLC., a Delaware limited liability company with an address of P. O. Box 25, Hinsdale, New Hampshire 03451 (the "Holder"), and its successors and assigns, the principal sum of Six Hundred Thousand and No/100ths Dollars ($600,000.00).

Interest shall accrue on the unpaid principal balance hereof at the rate of Seven percent (7%) per annum.

The Maker will pay principal and interest by making payments every month, payable in arrears, on the first day of each month commencing on April 1, 2005 (the "Commencement Date"), at Post Office Box 25, Hinsdale, New Hampshire 03451, or any such address as the Holder shall notify the Maker. The Maker will make these payments every month until all of the principal and interest and any other charges described below that are due under this Note have been paid. The monthly payments will be applied to interest before principal. The unpaid principal hereof and any accrued but unpaid interest shall be due and payable in full on March 1, 2035 (the "Maturity Date") or such other date on which the Note is due and payable in full whether by acceleration or otherwise. To the extent not sooner paid, all remaining, principal, accrued interest, default interest, and any other unpaid fees, costs, or expenses due the Holders shall be due and payable in full on the Maturity Date. Payments under this Note are unconditionally due and payable and shall not be reduced by any right of offset or counterclaim.

Each of the monthly payments will be and Three Thousand Nine Hundred Ninety-One and 81/100ths Dollars ($3,991.81). This amount may change subject to the provisions for default interest as contained herein.

Payment and performance hereof is secured by a Mortgage Deed, of even date herewith (the "Mortgage") made by the Maker in favor of the Holder upon certain real property and improvements thereon located at 10 Lawrence Lane, Kittery, Maine (neither this reference to such Mortgage nor any provision thereof shall affect or impair the absolute and unconditional obligation of the Maker to pay the principal and interest on this Note as provided herein), and other collateral as the Maker may hereafter grant, execute and deliver to the holder hereof (collectively referred to herein as the "Security").

Payment shall be deemed made when received by the Holder at Post Office Box 25, Hinsdale, New Hampshire 03451. Maker shall pay the Holder a Prepayment Penalty of two percent (2%) of any amount prepaid prior to the second anniversary of the Commencement Date.

If any payment due hereunder shall not have been paid within ten (10) days after the same is due (without Holder having to give any notice of any monetary default to Maker); if any other material agreement, covenant, or obligation of Maker herein contained shall be in default and shall not have been fully performed within ten (10) days after written notice of default has been mailed to Maker (addressed to the last known place of business of Maker); if Maker shall be in default of any material agreement, covenant, or obligation of Maker set forth in any other document executed in connection with the execution of this Promissory Note, without limitation, the Security Agreement and Mortgages of or about even date herewith, and such default shall not have been cured or fully performed within ten (10) days after written notice of default has been mailed to Maker; if Maker shall make an assignment for the benefit of creditors, or if a voluntary or involuntary petition in bankruptcy is filed by or against any Maker hereof (not dismissed or withdrawn within sixty (60) days of such filing); if a receiver of the property of any Maker hereof be appointed; if any Maker hereof shall cease doing business; if there is a change in control of, death or dissolution of any of the Maker;

– 1 –

EXHIBIT B

or if all or any part of the property described in the Security or interest therein is sold or transferred by Maker without Holder's prior written consent, then this Promissory Note shall automatically and without further notice be deemed in default, and the entire unpaid principal, with accrued interest shall at the option of the Holder, become immediately due and payable. Holder's failure to exercise this option shall not constitute a waiver of the right to exercise this option in the event of any subsequent default.

During all periods of time during which this Promissory Note is in default for failure to make payment to Holder as required hereunder or for any reason whatsoever, the interest rate of this Promissory Note shall be increased by seven hundred (700) basis points. Such increased interest rate shall take effect: (i) without notice to Maker if such default is on account of a monetary payment obligations, or (ii) upon notice and the expiration of a ten (10) day cure period if the default is on account of any obligation other than a monetary payment obligations. Maker shall be responsible for curing such default(s) before all respective grace periods expire and for providing unambiguous written proof to Holder that such default(s) is cured, or such default(s) shall conclusively be deemed not cured.

In addition, if any payment (including amounts due on the Maturity Date or upon acceleration) owed hereunder shall not have been paid within ten (10) days of the due date thereof, Maker agrees to pay the Holder a late charge of six percent (6%) of such payment.

Notwithstanding any other provision(s) of this Promissory Note, Holder shall have the right to charge Maker all of its reasonable and necessary out-of-pocket expenses (including but not limited to reimbursement for time incurred by Holder or Holder's agents or employers) incurred in connection with the administration and monitoring of all provisions of this Promissory Note. Maker shall pay all costs for collection of this Promissory Note, including reasonable attorneys' fees: (a) if this Promissory Note shall be referred after default to an attorney-at-law for collection or other appropriate action; (b) if an action of foreclosure shall be instituted after default on this Promissory Note; or (c) in connection with any enforcement or defense of this Promissory Note or any other document executed in connection with the execution of this Note in any action or proceeding brought by any person or entity, including Holder or Maker.

Each party who is, or may become, liable on this Promissory Note in any capacity, hereby waives presentment, demand, notice of dishonor and protest, notice of extensions, modifications or alterations of the date or terms of payment hereof, and all surety defenses in the nature thereof and further consents to all extensions or modifications of the due date and terms of payment of this Promissory Note. No delay or omission on the part of the Holder shall operate as a waiver of such right or of any other right of such party, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or a waiver of the same or any other right on any future occasion.

The Holder of this Promissory Note has the right, upon any default by the Maker, to apply to any court of competent jurisdiction for a receiver of any rents, profits and/or other income relating to the Security.

In the event any monthly payment made by check is not honored by the Maker's bank for any reason whatsoever, said returned check shall incur a service charge of $50.00 to cover the processing of said payment, in addition to late charges which may be due, and the replacement thereof shall be in certified or bank funds. In the event that a monthly payment due on account of this indebtedness is returned to the Holder for insufficient funds or any other such reason(s) on more than one (1) occasion, then the Maker shall be required to make all future monthly payments by bank or certified funds. Failure to follow this procedure shall constitute an act of default hereunder.

Notwithstanding anything herein to the contrary, the total interest charged on the principal amount owing hereunder from time to time shall not exceed the maximum amount allowed by law, and Maker shall not be bound or obligated to pay any interest hereunder in excess of such amount. If and to the extent the interest on this Promissory Note or any other payment required hereunder would exceed the maximum interest allowed by law, then to such extent, the excess interest payment(s) shall be deemed a partial prepayment of principal.

The Holder shall have the absolute right to sell and/or assign this Promissory Note and the Security, in whole or in part, and/or to enter into one or more participation agreements concerning this Promissory Note and the Security. If Holder gives written notice of any such sale(s), assignment(s) and/or participation(s) to Maker, Maker shall make payments to such subsequent holder(s) or participant(s), as the case may be, if Maker is provided with payment information by Holder.

Wherever the context shall so require, the singular and plural shall mean each other and the masculine, feminine and neutral genders shall mean each other. This Promissory Note shall be governed by the laws of the State of Maine.

THE MAKER ACKNOWLEDGES THAT THE TRANSACTION OF WHICH THIS PROMISSORY NOTE IS A PART IS A COMMERCIAL TRANSACTION, AND HEREBY VOLUNTARILY AND KNOWINGLY WAIVES ITS RIGHT TO NOTICE AND HEARING AS ALLOWED BY LAW OR ANY STATE OR FEDERAL LAW WITH RESPECT TO ANY PREJUDGMENT REMEDY WHICH THE HOLDER MAY DESIRE TO USE. FURTHER, THE MAKER HEREBY WAIVE(S), TO THE EXTENT PERMITTED BY LAW, THE BENEFITS OF ALL VALUATION, APPRAISEMENT, HOMESTEAD EXEMPTION, STAY, REDEMPTION AND MORATORIUM LAWS, NOW IN FORCE OR WHICH MAY HEREAFTER BECOME LAW. THE MAKER HEREBY WAIVES, TO THE EXTENT PERMITTED BY LAW, THE BENEFITS OF TRIAL BY JURY, NOW IN FORCE OR WHICH MAY HEREAFTER BECOME LAW.

IN WITNESS WHEREOF, Maker has executed this Promissory Note on the date written above.

IN PRESENCE OF:

_Rosemary LeBlanc_
Witness

KITTERY POINT PARTNERS, LLC

By: _[signature]_
Name: _Daniel Sisto_
Duly Authorized

- 3 -

App. 045

Kittery Point Partners, LLC

Allonge to Promissory Note dated as of March 1, 2005

Reference is made to that certain promissory note of Kittery Point Partners, LLC dated as of March 1, 2005, in the original principal amount of Six Hundred Thousand and 00/100ths Dollars ($600,000.00), including any modifications, extensions or renewals (hereinafter the "Note"), to which this Allonge is affixed, and the undersigned hereby endorses such Note as set forth below and further acknowledges and agrees that this Allonge shall be affixed to the Note and deemed a part of the Note for all purposes.

MIDDLEBURY EQUITY PARTNERS, LLC.

By: _____
Lawrence Enright, Duly Authorized Agent

Dated at Hinsdale, New Hampshire effective as of _____, 2005.

Pay to the order of _____,
without recourse.

MIDDLEBURY EQUITY PARTNERS, LLC.

By: _____
Lawrence Enright, Duly Authorized Agent